IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,775-01






EX PARTE THOMAS WAYNE FLORENCE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM GALVESTON COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of possession of a controlled substance, and punishment was
assessed at thirty-five (35) years' confinement. Applicant's conviction was affirmed on
appeal. Florence v. State, No. 01-93-00541-CR (Tex. App. -- Houston, delivered, March
30, 1995, no pet.).

 Applicant contends that the Board of Pardons and Paroles revoked Applicant's
prospective parole release date in retaliation for his constitutionally protected activity. 
Specifically, Applicant asserts that he was given a prospective release date of July 23, 2004,
and was notified that such release was conditioned on his participation in a sex offender
treatment program ("SOTP"). He further asserts that his prospective release date was
rescinded on September 24, 2004, in retaliation for his efforts to have the SOTP condition
removed. Additionally, Applicant asserts that a subsequent denial of parole release, on or
about July 20, 2005, was entered for the same reason.

 The trial court has entered an order concluding that there are no controverted,
previously unresolved facts material to the legality of the Applicant's confinement. 
However, we disagree. Applicant has stated facts requiring resolution. Because this Court
cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution. This trial court shall resolve the factual issues as set out in Tex. Code Crim.
Proc. art 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from
the appropriate officials at the Texas Department of Criminal Justice, Correctional
Institutions Division and Parole Division, the Board of Pardons and Paroles, and any other
person having information the trial court deems relevant to resolving the matter, or it may
hold a hearing. In the appropriate case, the trial court may rely on personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant has ever been convicted of a sex offense; whether Applicant was
given a prospective parole release date on or about July 23, 2004, and whether such release
was conditioned on SOTP participation; whether and how Applicant challenged the SOTP
condition; and whether the Board relied upon new information, other than Applicant's
challenge to the SOTP condition, when it rescinded the prospective release date. The trial
court shall also make findings of fact as to whether Applicant was denied parole release on
or about July 20, 2005, and whether the Board relied on new information, other than
Applicant's previous challenge to the SOTP condition, when it denied release then. The trial
court shall also make any further findings of fact and conclusions of law it deems relevant
and appropriate to the disposition of the application for writ of habeas corpus.

 The trial court shall supplement the habeas record with copies of all documents upon
which its findings are based, including copies of affidavits, Board minutes, court records
reflecting a prior sex offense conviction, if any, and any other relevant documents.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex. Crim. App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within ninety (90) days of the date of this order. (1) 
A supplemental transcript containing all affidavits, the transcription of the court reporter's
notes from any interrogatories or hearings held, along with the trial court's findings of fact
and conclusions of law, shall be returned to this Court within one hundred twenty (120) days
of the date of this order. (2)


 IT IS SO ORDERED THIS THE 15 day of February, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.